## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRANDON SCOTT LAVERGNE | CIVIL ACTION NO. 6:13-2199 |
|     LA. DOC #424229 | |
| VS. | SECTION P |
| | JUDGE HAIK |
| HOLLY BERGERAN | MAGISTRATE JUDGE HILL |

<u>REPORT AND RECOMMENDATION</u>

*Pro se* plaintiff Brandon Scott Lavergne ("Lavergne"), proceeding in *forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 on July 1, 2013. Lavergne is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana where he is serving two life sentences imposed by the Louisiana Fifteenth Judicial District Court for Lafayette Parish following his August 17, 2012 convictions for the murder of Michaela Shunick ("Shunick") and Lisa Pate ("Pate"). Lavergne names Holly Bergeran ("Bergeran") of Rayne, Louisiana as the sole defendant.

Lavergne alleges that on June 20, 2012, the day before he was to go offshore, Bergeran cut his hair. During the hair appointment, Bergeran told Lavergne that she was having trouble meeting decent people to hang out with. Therefore, because Bergeran knew his fiancé Barbara Hargrave and brother Josh, Lavergne asked Bergeran for her telephone number so that one day they could all get together and hang out. Later that night, before Lavergne went offshore, he called Bergeran. Lavergne claims not to have

contacted her again.  However, Bergeran texted Lavergne asking for a picture of

Lavergne, a request Lavergne found "strange."

After his arrest in the Shunick case, on July 5, 2012, Bergeran gave an interview to

Leslie Turk of the Crowley Independent wherein Bergeran stated that she and Lavergne

had a date planned when Lavergne was to return from offshore.  Bergeran also told police

investigating the Shunick murder this same information.  Lavergne claims that this

statement was untrue, and that when Barbara Hargrave broke their engagement, she

directly referenced Bergeran's false statement.  Moreover, Lavergne alleges that Bergeran

violated his constitutional rights "by tainting my jury pool with false allegations."  By this

action, Lavergne seeks punitive damages.

This matter has been referred to the undersigned for review, report and

recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing

orders  of the Court.

## LAW AND ANALYSIS

On August 17, 2012, Lavergne pled guilty to two counts of first degree murder for

the murders of Shunick and Pate, with the stipulation that he be sentenced to life

imprisonment on each count.  In accordance with the plea agreement, Lavergne was

sentenced that date to life imprisonment on each count.  Lavergne did not directly appeal

his convictions or sentences.  Post-Conviction relief has not been granted.[1]  Moreover,

---

[1]This information was confirmed by communication with the Clerk of the Fifteenth Judicial
District Court and the Louisiana Third Circuit Court of Appeal.

neither this or any other federal court has issued a writ of *habeas corpus*.

## I.  Screening

When a prisoner files suit in *forma pauperis* pursuant to 42 U.S.C. § 1983,  the court is obligated to evaluate the complaint and dismiss it without service of process, if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).  *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).

A claim is frivolous if it lacks an arguable basis in law or in fact.  *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998) *citing Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997).  A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. *Jones v. Bock*, 549 U.S. 199, 215 (2007); *See also Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). The plaintiff must state "enough facts to state a claim to relief that is plausible on its face."  *Green v. Revel*, 2011 WL 165453, *1 (5th Cir. 2011) *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In his Complaint, Lavergne  has set forth specific facts which he claims entitles him to damages and he has pleaded his best case.  The facts alleged by Lavergne have been accepted as true for the purposes of this Report.  Nevertheless, Lavergne's damage claims are subject to dismissal for the reasons which follow.

## II.  Non-State Actor

To prevail on a civil rights claim under § 1983, a plaintiff must prove that he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States by a person acting under the color of law. 42 U.S.C. § 1983; *Robertson v. Plano City of Texas*, 70 F.3d 21, 23 (5th Cir. 1995) *citing Evans v. City of Marlin, Tex*., 986 F.2d 104, 107 (5th Cir. 1993); *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).  Under the "color of law" requirement, the defendants in a § 1983 action must have committed the complained-of acts in the course of their performance of duties and have misused power that they possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.  *United States v. Classic*, 313 U.S. 299, 325 (1941); *Screws v. United States*, 325 U.S. 91, 110 (1944) (plurality opinion).

It is clear that Bergeran is not a state actor as required for liability under § 1983. To the contrary, Bergeran is merely a private citizen who was in no way clothed with the authority of state law.  Rather, Bergeran merely told police and the media about an encounter she had with Lavergne which, even if false,  is clearly insufficient to deem Bergeran a state actor subject to § 1983 liability.  *See Hammond v. Wilson*, 2009 WL 467648, *2 (S.D. Ohio 2009) (a private citizen, who gave a statement to the police during a criminal investigation, was not subject to a § 1983 suit); *Vasquez v. Rubalcava,* 2012 WL 760860, *5 (C.D. Cal. 2012) (a witness not acting under color of state law when she

4

reported what she believed was a crime, and was therefore not subject to § 1983 liability) *citing Goehring v. Wright*, 858 F.Supp. 989, 998 (N.D. Cal. 1994) (private citizens who complained to local authorities about neighbor's alleged criminal activities, giving rise to neighbor's arrest and prosecution, were not "state actors" for purposes of § 1983); *Griffin v. Walgreen, Co.,* 2010 WL 4975532, *8-9 (E.D. Mo. 2010) *citing  Hammond*, 2009 WL 467648, at *2 (a private citizen who gave a statement to the police during a criminal investigation was not subject to a § 1983 suit) and *Marion v. Groh*, 954 F.Supp. 39, 42–43 (D. Conn. 1997) (holding that even if the witness' statement to police was false, the witness did not act under color of law for § 1983 liability); *DiNicola v. DiPaolo,* 25 F.Supp.2d 630, 669-670 (W.D. Pa. 1998) (a witness did not act under color of state law in providing out-of-court statements against the plaintiff); *Paulino v. Banguera*, 2011 WL 1831759, *6 (D.N.J. 2011) (dismissing a § 1983 claim for failure to state a claim upon which relief may be granted against witnesses who accused the plaintiff of criminal activity and gave statements to the police which were allegedly untrue, because the witnesses were not state actors).

Further, there is no factual basis to support any claim of a conspiracy between Bergeran and any alleged state actor to support a claim of state action.  *See Id.*.  *See also Marts v. Hines*, 68 F.3d 134, 136 (5th Cir. 1995) *citing McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222 (5th Cir. 1989), *cert. denied*, 493 U.S. 1083, 110 S.Ct. 1141, 107 L.Ed.2d 1046 (1990) ("'mere conclusory allegations of conspiracy cannot, absent reference to material facts,' state a substantial claim of federal conspiracy.");  *Mills v. Criminal*

*District #3*, 837 F.2d 677, 679-680 (5ᵗʰ Cir. 1988); *see also Babb v. Dorman,* 33 F.3d 472,

476 (5ᵗʰ Cir. 1994) *citing Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5ᵗʰ Cir. 1987)

(finding that bald, conclusory allegations that a conspiracy exists are insufficient to state a

conspiracy claim); *Young v. Biggers*, 938  F.2d 565, 569 (5ᵗʰ Cir. 1991); *Rodriguez v.*

*Neeley*, 169 F.3d 220, 222 (5ᵗʰ Cir. 1999) *citing McAfee, supra*.  Plaintiff's civil rights

claims against Bergeran should therefore be dismissed for failure to state claims upon

which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[2]

### III.  State Law Claims

To the extent that Lavergne asserts claims under Louisiana State law, this Court

should decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3).[3]

A district court may decline to exercise supplemental jurisdiction if the court has

dismissed all claims over which it had original jurisdiction.  28 U.S.C. § 1367(c)(3);

*Nowell v. Acadian Ambulance Service*, 147 F.Supp.2d 495, 510 (W.D. La. 2001).  Indeed,

_____

[2]To the extent that Lavergne's allegations may be construed as accusing Bergeran of tainting his jury pool and thereby inducing him to plead guilty, that claim is barred by the principles set forth by the United States Supreme Court in *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). If this court were to grant Lavergne damages on such a claim, that ruling would necessarily implicate the validity of Lavergne's convictions and sentences.

[3]This Court cannot exercise diversity jurisdiction, over any claims asserted by Lavergne under Louisiana State law because complete diversity is lacking.  For exercise of this Court's diversity jurisdiction, it is axiomatic that complete diversity is required.  Thus, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action. *Exxon v. Allapattah*, 545 U.S. 546, 553, 125 S.Ct. 2611, 2617 (2005) *citing  Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806) and *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 375, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978).  In sum "[i]ncomplete diversity destroys original jurisdiction with respect to all claims" in the action.  *Id.* at 2618.  Here, both Lavergne and Bergeran are Louisiana citizens.  Accordingly, complete diversity is lacking.

6

when a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims. *Id. citing Bass v. Packwood Hospital*, 180 F.3d 234, 246 (5th Cir. 1999) *citing Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989). However, the dismissal should be without prejudice. *Id*.

In light of the above, all federal claims asserted against the defendant will be dismissed. Accordingly, no federal question will remain before this court. Accordingly, the undersigned recommends that this Court decline supplemental jurisdiction over any state law claims asserted by Lavergne, dismissing those claims without prejudice.

For the reason set forth above;

 **IT IS RECOMMENDED** that Lavergne's civil rights claims against Holly Bergeran be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

**IT IS FURTHER RECOMMENDED** that Lavergne's claims under Louisiana State law be **DISMISSED WITHOUT PREJUDICE.**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Lafayette, Louisiana, February 12, 2014.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE